UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 30 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | CRIMINAL NO. 16 CR 0134 |
| | § | |
| VU NGOC PHAM, | § | Count 1 (Wire |
| a/k/a David Pham | § | Fraud, 18 U.S.C. §1343) |
| Defendant | § | |
| | § | Notice of Criminal Forfeiture |

INDICTMENT

THE GRAND JURY CHARGES:

Count One
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. Velociti Commodities, LLC was a limited corporation established in Delaware.

2. **Vu Ngoc Pham, a/k/a David Pham**, defendant herein, operated Velociti Commodities, LLC (Velociti) and called himself chairman.

B. THE SCHEME AND ARTIFICE

3. From in or about March 2011, and continuing through in or about September, 2012, in the Houston Division of the Southern District of Texas and elsewhere,

**VU NGOC PHAM, a/k/a David Pham**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain moneys, funds and credits by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. <u>THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE</u>

4.  The scheme and artifice consisted essentially of a plan by defendant to obtain money from an investor by falsely representing that Velociti was purchasing used railroad rails in Russia to be shipped to a buyer in Bangladesh and needed $100,000 for this investment opportunity.

5.  It was part of the scheme and artifice that defendant would and did represent that the investor was being allowed to invest because Velociti's cash flow was tied up in other projects and this project was a big opportunity and a good profit maker.

6.  It was part of the scheme and artifice that defendant would and did falsely represent to the investor that the return on the investment would occur with the first shipment of used railroad rails after the investment was funded.

7.  It was part of the scheme and artifice that the defendant would and did communicate with the investor by and through emails sent from Houston, Texas.

8. It was part of the scheme and artifice to defraud that the defendant would and did have the investor write $10,000 in checks payable to the defendant's wife as part of the investment.

9. It was part of the scheme and artifice to defraud that the defendant would and did cause the investor to wire transfer funds to a bank account in the name of Velociti in Oklahoma.

10. It was part of the scheme and artifice that the defendant would and did send false reports to the investor concerning the investment to conceal the fact that there was no investment in purchasing used Russian railroad rails.

11. It was part of the scheme and artifice that defendant would and did use funds received from investors for his own benefit and the benefit of others.

D. EXECUTION OF THE SCHEME AND ARTIFICE

12. On or about April 1, 2011, in the Southern District of Texas, and elsewhere,

**VU NGOC PHAM, a/k/a David Pham,**

defendant herein, for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted

by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures and sounds, namely a wire transfer in the amount of $90,000 from a Bank of America account in Houston, Texas, to the Bank of Oklahoma in Oklahoma.

In violation of Title 18, United States Code, Sections 1343 and 2(b).

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant

### VU NGOC PHAM a/k/a David Pham

that upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 1, all property which constitutes or is derived from proceeds traceable to such violation shall be forfeited to the United States.

### Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not

limited to, the following property:

Approximately $100,000.00 in United States dollars.

## Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been placed beyond the jurisdiction of the Court;

    c.    has been transferred or sold to, or deposited with a third party;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code,

Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

Original Signature on File
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: *John R. Braddock*
JOHN R. BRADDOCK
Assistant United States Attorney